UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PRISCILLA MARIE CERDA<br>*Plaintiff*, | § § § | |
| V. | § § | CIVIL ACTION NO. _____<br>JURY TRIAL DEMANDED |
| CITY OF PALMVIEW, PALMVIEW CHIEF OF POLICE GILBERT ZAMORA, PALMVIEW MAYOR RICARDO VILLARREAL, PALMVIEW POLICE OFFICER JOHN DOE, CITY OF PEÑITAS, PEÑITAS CHIEF OF POLICE ROEL BERMEA, PEÑITAS MAYOR RODRIGO LOPEZ<br>*Defendants*. | § § § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, PRISCILLA MARIE CERDA, in the above styled cause and files this Original Complaint and incorporates each and every allegation contained herein, against Defendants, CITY OF PALMVIEW, PALMVIEW CHIEF OF POLICE GILBERT ZAMORA, PALMVIEW MAYOR RICARDO VILLARREAL, PALMVIEW POLICE OFFICER JOHN DOE, CITY OF PEÑITAS, PEÑITAS CHIEF OF POLICE ROEL BERMEA, and PEÑITAS MAYOR RODRIGO LOPEZ, and for this cause of action respectfully states to the Court the following:

**I.**

**PARTIES**

1. Plaintiff, PRISCILLA MARIE CERDA, is an individual who resides in the State of Texas at 108 W. 1st Street, La Joya, Texas 78560.

2. Defendant, CITY OF PALMVIEW, is a governmental unit of the State of Texas and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) it may be served through the

1

mayor: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

3. Defendant, PALMVIEW CHIEF OF POLICE GILBERT ZAMORA, is the municipal departmental head of the Palmview Police Department and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served through the mayor: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

4. PALMVIEW MAYOR RICARDO VILLARREAL, is the official municipal leader of Palmview City Council and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served directly: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

5. PALMVIEW POLICE OFFICER JOHN DOE, is the police officer who was on duty and assigned to Plaintiff's jail cell and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served through the mayor: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

6. Defendant, CITY OF PEÑITAS, is a governmental unit of the State of Texas and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) it may be served through the mayor: Mayor Rodrigo Lopez, P.O. Box 204, Peñitas, TX 78576.

7. PEÑITAS CHIEF OF POLICE ROEL BERMEA, is the municipal departmental head of the Peñitas Police Department and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served through the mayor: Mayor Rodrigo Lopez, P.O. Box 204, Peñitas, TX 78576.

8. PEÑITAS MAYOR RODRIGO LOPEZ, is the official municipal leader of Peñitas City Council and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served directly: Mayor Rodrigo Lopez, P.O. Box 204, Peñitas, TX 78576.

## II.
## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

10. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives (a) district courts original jurisdiction over any civil action authorized by law to be brought

by any person (3) to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (4) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights. Various actions and/or inactions by City of Palmview and City of Peñitas amount to action under the color of law and therefore jurisdiction and claim is asserted under this statute.

11. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Eighth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all Parties reside or resided in this district and the events giving rise to the claims occurred in this district.

### III.
### FACTS

13. On or about July 23, 2018, Plaintiff PRISCILLA MARIE CERDA was raped while under the supervision and custody of PALMVIEW POLICE DEPARTMENT and PEÑITAS POLICE DEPARTMENT.

14. Plaintiff, PRISCILLA MARIE CERDA, had been arrested by PEÑITAS POLICE DEPARTMENT and taken into custody at PALMVIEW POLICE DEPARTMENT jail on or by the date and time of the heinous incident made the basis of this action.

15. Plaintiff was placed alone in a jail cell overnight.

16. Defendants, CITY OF PALMVIEW and CITY OF PEÑITAS, were responsible for supervising Plaintiff while she was in custody but failed to protect her from harm.

17. As a consequence, of Defendants' CITY OF PALMVIEW and CITY OF PEÑITAS failure to protect Plaintiff, Plaintiff was raped by Defendants' employee, causing serious bodily injuries and mental anguish to Plaintiff.

18. Plaintiff woke up naked after the attack and immediately sought help from Defendants.

19. Plaintiff reported the rape to PALMVIEW POLICE DEPARTMENT Officer David Gutierrez.

20. Defendants initially responded by telling Plaintiff that if she was lying about anything she was going to prison for making a false accusation.
21. Eventually Plaintiff was taken to Doctors Hospital at Renaissance in McAllen, Texas where Sexual Assault Nurse Examiner ("SANE") Rosa Aguirre conducted a sexual assault forensic exam ("rape kit").
22. The rape kit confirmed Plaintiff was sexually assaulted while in Defendants' sole custody.

## IV.
## CAUSES OF ACTION
### COUNT 1:
### CRUEL AND UNUSUAL PUNISHMENT – 8th Amendment
### 42 U.S.C. § 1983 – 14th Amendment

23. Plaintiff hereby incorporates the foregoing by reference.
24. Defendants, acting in concert with one another, acting under color of state law, deprived Cerda of her rights, privileges and immunities secured by the U.S. Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourteenth Amendment protections against deprivation of certain substantive rights, i.e. Cerda's right of freedom from cruel and unusual punishment as granted under the Eighth Amendment.
25. Plaintiff brings a claim against each defendant, pursuant to 42 U.S.C. § 1983 and for punitive damages.
26. At all material times, defendants were acting under color of state law as departments of the cities of Palmview and Peñitas, Texas. Defendants' employees were working at the jail, and were acting in the course and scope of their duties as police department employees at the time of their wrongful actions.
27. Defendants violated Plaintiff's right to be free from cruel and unusual punishment by allowing Defendant's employee to rape Plaintiff while she was being detained in Defendants' custody.
28. Defendants caused and/or allowed Plaintiff to be raped in violation of the protections from cruel and unusual punishment provided for the in Eighth Amendment to the U.S. Constitution and made applicable to the States under the Fourteenth Amendment.

29. Defendant's conduct violated Plaintiff's clearly established constitutional right to be free from cruel and unusual punishment.
30. In addition, in response to Plaintiff filing a police report, Defendants' employee retaliated by stating that if Plaintiff was lying about anything she would go to prison for making a false accusation.
31. Defendants' actions were not within the scope of their authority, they were not performing discretionary duties and/or they did not act in good faith and therefore are not entitled to immunity.
32. Defendants are also liable under 42 U.S.C. § 1983 for failing to supervise and train its employees, and for overlooking misconduct.
33. Defendants failed to conduct an internal investigation, thereby sanctioning the predatory employee's actions, which amounted to a departmental policy of overlooking constitutional violations.
34. Defendants' failure to supervise and train its employees, and Defendants' willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to people's rights including the right to be free from cruel and unusual punishment and the rights conveyed to Plaintiff as applied through 42 U.S.C. Sections 1983 and 1988.
35. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality.
36. Even if Defendants' practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. Of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).
37. By Defendant employee sexually assaulting Plaintiff and Defendants' failure to thoroughly investigate her rape, Defendants acted with malice and/or gross negligence, thereby entitling Plaintiff to punitive damages.
38. As a result of this conduct, Plaintiff's suffered damages hereby demanded.

**COUNT 2:**

**42 U.S.C. § 1983 –** *Ratliff v. City of Hous.*, **No. H-02-3809, 2005 U.S. Dist. LEXIS 39410 (S.D. Tex. 2005);** *Monell v. Dep't of Soc. Servs.*, **436 U.S. 658, 98 S. Ct. 2018 (1978)**

39. Plaintiff asserts that local government liability under 42 U.S.C. § 1983 is established via *Monell*. See *Ratliff v. City of Hous.*, No. H-02-3809, 2005 U.S. Dist. LEXIS 39410 (S.D. Tex. 2005) citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

40. The local government is liable because it does not have a grievance procedure, which is an illegal custom or practice within the government.

41. Plaintiff further asserts liability of the local government because of a custom or policy of inadequate training or supervision, or hiring of its employees.

## V.
## ATTORNEY'S FEES

42. Plaintiff requests award of her reasonable and necessary attorney's fees for this action. *See, e.g.*, 42 U.S.C. §§ 1983 & 1988.

## VI.
## IMMUNITY

43. Defendants are not entitled to qualified or sovereign immunity, because Defendants' actions clearly violate an established constitutional right and Defendants' conduct was objectively unreasonable in light of clearly established law at the time of the incident.

## VII.
## JURY DEMAND

44. Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII.
## RELIEF REQUESTED

45. For the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment

against Defendants consistent with the relief requested herein, and for any and all relief Plaintiff may show she is entitled including actual damages, compensatory damages, nominal damages, punitive damages, court and litigation costs, expert fees, attorney's fees, and statutory interest.

Dated this 27th day of November, 2019.

Respectfully submitted,

**RUSHING LEGAL, PLLC**

By: _____
S. GREG RUSHING
Texas Bar No. 24083772
SD TX Bar No. 1250618
9610 Long Point Rd. #300
Houston, TX 77055
Telephone: (713) 574-5969
Facsimile: (888) 441-5188
E-mail: greg@therushinglawfirm.net

ATTORNEY FOR PLAINTIFF
PRISCILLA MARIE CERDA